# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRED OSIPO,

    Petitioner,

vs.

D.W. NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-00145-GMN-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

    This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner does not challenge the convictions under which he is incarcerated. Instead, petitioner seeks to challenge a deportation removal order.

    The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, significantly narrowed the scope of judicial review for removal orders in immigration cases. Pursuant to 8 U.S.C. § 1252(a)(5), a petition filed with the appropriate court of appeals "shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision under this Act." District courts do not have jurisdiction, habeas or otherwise, to review any removal order for any alien. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (interpreting 8 U.S.C. § 1252). In this case, petitioner challenges a final order of removal, which was issued after the date of enactment of the REAL ID Act. The petition is therefore dismissed for lack of subject matter jurisdiction.

    District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. In order to proceed with his appeal, petitioner must

receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, including petitioner's motion for the appointment of counsel (ECF No. 2), are **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

**DATED** this 25th day of July, 2014.

Gloria M. Navarro, Chief Judge
United States District Court